UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

MARK HEIN, DEBRA HEIN and )
NICK HEIN, )
) No. 11-113
Plaintiffs, )
)
vs. ) **COMPLAINT**
) **and**
) **JURY DEMAND**
DEERE & COMPANY, )
)
Defendant. )
)

Plaintiffs Mark Hein, Debra Hein and Nick Hein for their cause of action against the Defendant state as follows:

## PARTIES

1. Plaintiff Mark Hein is a citizen of Iowa, residing in Monticello, Jones County, Iowa.

2. Plaintiff Debra Hein is a citizen of Iowa, residing in Monticello, Jones County, Iowa and is the spouse of Plaintiff Mark Hein.

3. Plaintiff Nick Hein is a citizen of Iowa, residing in Monticello, Jones County, Iowa and is the son of Plaintiff Mark Hein.

4. Defendant Deere & Company (hereinafter referred to as "Defendant") is a Delaware corporation with its principal place of business in the state of Illinois. Defendant is engaged in the business of designing, manufacturing, distributing, and selling farm equipment across the United States.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over the above-captioned action pursuant to 28 U.S.C. § 1332(a)(3) in that the matter in controversy is between citizens of different states and the amount in controversy exceeds $75,000.00.

6.  This Court has personal jurisdiction over Defendant and venue properly resides in this judicial district pursuant to 28 U.S.C. § 1391 in that the events giving rise to this occurrence occurred in this judicial district and, therefore, Defendant has sufficient contacts with the district.

## GENERAL ALLEGATIONS

7.  On or about November 2, 2009, Plaintiff Mark Hein was operating a John Deere combine, Model No. 9560 STS 710501 (hereinafter referred to as the "Combine") designed, manufactured, sold and distributed by Defendant to harvest corn and soybeans on his farm near Monticello, Jones County, Iowa.

8.  On said date and time, an accident occurred when Plaintiff Mark Hein stopped the Combine in order to clean the stone trap and in the process his left arm was pulled into the still turning accelerator of the stone trap.

9.  As a result of the defective design of the stone trap, Plaintiff Mark Hein suffered severe and disabling injuries to his left forearm resulting in amputation of his left arm just below his elbow.

10. Plaintiff Nick Hein was working with his father on said date and time and witnessed Plaintiff Mark Hein's injuries and pain and suffering.

11. Plaintiff Debra Hein was promptly called to the scene of the accident and also witnessed her husband's injuries and pain and suffering.

## COUNT I – Defective Design

12. Paragraphs 1 through 11 above are incorporated herein by this reference.

13. Plaintiff Mark Hein purchased a John Deere Combine from an authorized John Deere dealer.

14. Defendant designed, manufactured, sold or distributed the Combine.

15. Defendant was at all material times engaged in the business of designing, manufacturing, selling or distributing the Combine.

16. The Combine was defective at the time it left Defendant's control.

17. A reasonable alternative safer design could have been practically adopted at the time of the manufacture and subsequent sale or distribution.

18. The alternative design would have reduced or avoided the foreseeable risk of harm posed by the Combine.

19. The omission of an alternative design rendered the Combine not reasonably safe.

20. The alternative design would have reduced or prevented Plaintiff Mark Hein's injuries and damages.

21. As a proximate result of said design defect, Plaintiff Mark Hein suffered injuries and sustained the following damages:

    a) Past and future medical expenses;

    b) Past and future pain and suffering;

    c) Past and future loss of use of body;

    d) Lost wages and loss of earnings capacity;

    e) Loss of business opportunity and lost profits;

f)  Loss of enjoyment of life; and

   g)  Emotional distress.

WHEREFORE, Plaintiff Mark Hein prays for judgment against the Defendant in an amount that will reasonably compensate his damages together with interest and costs of this action.

## COUNT II - Inadequate Instruction

22. Paragraphs 1 through 21 above are incorporated herein by this reference.

23. Defendant was at all material times engaged in the business of designing, manufacturing, selling or distributing the Combine to farmers.

24. Plaintiff Mark Hein purchased a Combine from Defendant.

25. Plaintiff is such a purchaser as Defendant intended might ultimately purchase and use the Combine.

26. Plaintiff Mark Hein used the Combine in the normal way, as intended, and for which it appeared to be designed.

27. The Combine was made or designed as to be unreasonably dangerous in the particular use of the product employed by Plaintiff.

28. The foreseeable risks of harm posed by the Combine could have been reduced or avoided by the provision of clearly visible reasonable instructions.

29. The instructions were not clearly visible to the purchaser or user, rendering the Combine not reasonably safe.

30. The risks addressed by the instructions were not obvious to, or generally known by users of the Combine.

31. Defendant knew, or should have known, that purchasers would use the Combine as Plaintiff Mark Hein did and Defendant must have intended that it might be used in that way, without the user being instructed otherwise.

32. When Plaintiff Mark Hein used the Combine on November 2, 2009, he was injured by the Combine.

33. As a proximate result of said inadequate instructions, Plaintiff Mark Hein suffered injuries and sustained the following damages:

    a) Past and future medical expenses;

    b) Past and future pain and suffering;

    c) Past and future loss of use of body;

    d) Lost wages and loss of earnings capacity;

    e) Loss of business opportunity and lost profits;

    f) Loss of enjoyment of life; and

    g) Emotional distress.

WHEREFORE, Plaintiff Mark Hein prays for judgment against the Defendant in an amount that will reasonably compensate his damages together with interest and costs of this action.

### COUNT III - Failure to Warn

34. Paragraphs 1 through 33 above are incorporated herein by this reference.

35. Defendant was at all material times engaged in the business of designing, manufacturing, selling or distributing the Combine to farmers.

36. Plaintiff Mark Hein purchased a John Deere Combine from an authorized John Deere dealer.

37. Plaintiff is such a purchaser as Defendant intended might ultimately purchase and use the Combine.

38. Plaintiff Mark Hein used the Combine in the normal way, as intended, and for which it appeared to be designed.

39. The Combine was made or designed as to be unreasonably dangerous in the particular use of the product employed by Plaintiff.

40. Defendant gave no warning to purchasers of the Combine not to use the Combine as Plaintiff Mark Hein did, that it would be dangerous if so used, or that its use should be limited.

41. Without such warning, ordinary users had no reason not to use the Combine as Plaintiff Mark Hein did and doing so would be normal and expected.

42. Defendant knew, or should have known, that purchasers would use the Combine as Plaintiff Mark Hein did and Defendant must have intended that it might be used in that way, without the user being warned otherwise.

43. The user's inspection of the Combine would not disclose the danger or defect and Defendant knew, or should have known, there would be no such inspection

44. The failure to warn of the danger made the Combine dangerously defective for its sale to Plaintiff Mark Hein.

45. When Plaintiff Mark Hein used the Combine on November 2, 2009, he was injured by the Combine.

46. The failure to warn Plaintiff Mark Hein not to use the Combine in this manner made the Combine defective so as to be unreasonably dangerous for Plaintiff's use.

47. As a proximate result of said defective warnings, Plaintiff Mark Hein suffered injuries and sustained the following damages:

    a) Past and future medical expenses;

    b) Past and future pain and suffering;

    c) Past and future loss of use of body;

    d) Lost wages and loss of earnings capacity;

    e) Loss of business opportunity and lost profits;

    f) Loss of enjoyment of life; and

    g) Emotional distress.

WHEREFORE, Plaintiff Mark Hein prays for judgment against the Defendant in an amount that will reasonably compensate his damages together with interest and costs of this action.

## COUNT IV – Loss of Spousal Consortium

48. Paragraphs 1 through 47 above are incorporated herein by this reference.

49. At all times material hereto, Mark and Debra Hein were husband and wife.

50. As a result of her husband's injuries, Plaintiff Debra Hein has suffered a loss of Plaintiff Mark Hein's companionship, association, company, cooperation, affection, services, support and general usefulness, industry and attention within the home and family all to her detriment.

WHEREFORE, Plaintiff Debra Hein prays for judgment against the Defendant in an amount that will reasonably compensate her damages together with interest and costs of this action.

## COUNT V – Loss of Parental Consortium

51. Paragraphs 1 through 50 above are incorporated herein by this reference.

52. At all times material hereto, Plaintiff Nick Hein was the child of Plaintiff Mark Hein.

53. Due to the injuries sustained by Plaintiff Mark Hein, Plaintiff Nick Hein has suffered a loss of his family relationship including a loss of Plaintiff Mark Hein's companionship, association, care, attention, kindness, paternal guidance, comfort and solace all to his detriment.

WHEREFORE, Plaintiff Nick Hein prays for judgment against the Defendant in an amount that will reasonably compensate his damages together with interest and costs of this action.

## COUNT VI – Negligent Infliction of Emotional Distress

54. Paragraphs 1 through 53 above are incorporated herein by this reference.

55. On November 2, 2009, Plaintiffs Debra Hein and Nick Hein were present when Plaintiff Mark Hein was injured by the Combine.

56. Plaintiffs Debra Hein and Nick Hein observed Mark Hein's injuries and resulting physical condition.

57. Defendant was negligent in the design, manufacture and assembly of the Combine as well as failing to provide adequate instruction or warning causing Mark Hein's injuries.

58. As a proximate result of his Defendant's negligence, Plaintiffs Debra Hein and Nick Hein sustained serious emotional injuries.

59. Plaintiffs' damages exceed the jurisdictional amount for small claims court.

WHEREFORE, Plaintiffs pray for judgment against the Defendant in an amount that will reasonably compensate their damages together with interest and costs of this action.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury on all claims set forth herein.

SIMMONS PERRINE MOYER BERGMAN PLC


By: /s/ Stephen J. Holtman
Stephen J. Holtman AT0003594
Brian J. Fagan AT0002376
115 3rd Street SE, Suite 1200
Cedar Rapids, Iowa 52401
Telephone: (319) 366-7641
Facsimile: (319) 366-1917
E-Mail: sholtman@simmonsperrine.com
         bfagan@simmonsperrine.com

ATTORNEYS FOR PLAINTIFFS

9
Case 1:11-cv-00113-EJM-JSS   Document 1   Filed 10/25/11   Page 9 of 9