# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| MARK HEIN, et al., | )<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. 11cv0113 EJM<br>) |
| DEERE & COMPANY, | ) ORDER<br>) |
| Defendant. | )<br>) |

This matter is before the court on the defendant Deere's resisted Motion for Summary Judgment, filed May 15, 2013. On September 9, 2013, the parties amended their positions on the summary judgment motion in light of the resolution of the expert witness questions. Denied.

In this action, plaintiffs seek damages from defendant agriculture equipment manufacturer Deere & Co. for injuries sustained by plaintiff Mark Hein on November 2, 2009. While cleaning the stone trap on the John Deere combine he was operating, Hein's arm was pulled into the "accelerator", resulting in severe injuries and leading to the amputation of his left arm just below the elbow.

Plaintiffs' Complaint in six counts allege defective design (Count I), inadequate instruction (Count II), failure to warn (Count III), as to plaintiff Mark Hein, and loss of consortium (Counts IV and V) and negligent infliction of emotional distress (Count VI) as to the other family member plaintiffs. Plaintiffs in the first three counts claim that the stone trap warning sign was wrongly placed where it would foreseeably often be

covered by dirt and thus become unreadable, and also claim defective design by failure to include certain turn-off mechanisms and other safety devices.

Movant "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." PSK, LLC v. Hicklin, 757 F.Supp.2d 836 (N.D.Iowa 2010), citing Woods v. DaimlerChrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005.) Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there are no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). A court considering a motion for summary judgment must view all the facts in the light most favorable to the non-moving party, and give the non-moving party the benefit of all reasonable inferences that can be drawn from the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986.)

Defendant Deere's principal argument is that plaintiffs have no expert witness for their case in chief, which is necessary as a matter of law. Plaintiffs seek to prove their case in chief by the fact testimony of Deere's own witness, Michael Senneff, Manager of Product Safety Strategic Initiatives at Deere, and also by comparison with other manufacturer's combines, particularly regarding placement of the warning plaques, other turn-off mechanisms and safety devices, etc., which plaintiffs submit will show better design, therefore showing Deere's design to be negligent in comparison.

Plaintiffs' claim that expert testimony is not always necessary for a products liability case under Iowa law, at least where the evidence can be reasonably understood by a lay jury. In Wright v. Brooke Grp., Ltd, 652 N.W.2d 159, 169 (Iowa 2002),

the Iowa Supreme Court adopted sections 1 and 2 of the Restatement (Third) of Torts: Products Liability for application to all claims of product defect under Iowa law. Section 1 establishes the liability of a product manufacturer, and provides in part:

> One engaged in the business of selling or otherwise distributing products who sells or distributes a defective product is subject to liability for harm to persons or property caused by the defect.

Section 2 provides a "multi-faceted" definition of defective product:

> A product is defective when, at the time of sale or distribution, it contains a manufacturing defect, is defective in design, or is defective because of inadequate instructions or warning. A product:
>
> ...
>
> (b) is defective in design when the foreseeable risks of harm posed by the product could have been reduced or avoided by the adoption of a reasonable alternative design by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the alternative design renders the product not reasonably safe;
>
> (c) is defective because of inadequate instructions or warnings when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable instructions or warnings by the seller or other distributor, or a predecessor in the commercial chain of distribution, and the omission of the instructions or warnings renders the product not reasonably safe.

Thus, under subsection (b), plaintiffs have to show that the foreseeable risks of harm could have been reduced by an alternative design. Under subsection (c), plaintiff must show that the foreseeable risk of harm posed by the product as it is could have been reduced by a reasonable instruction or warning.

Plaintiffs contend that the feasibility of a reasonable alternative design for the combine is clear from viewing other such combines, and is understandable to lay persons in Iowa such that expert testimony is unnecessary. Giles v. Miners, Inc., 242 F.3d 810, 813 (8th Cir. 2001) ("Although Iowa law does not appear to require expert testimony for recovery in a products liability action, the plaintiff must supply sufficient evidence to satisfy the trial court that the jury, with its common knowledge, could reasonably find an alternative design to be practicable and feasible".) Benedict v. Zimmer, Inc., 405 F.Supp.2d 1026, 1032 (N.D. Iowa 2005); Reed v. Chrysler Corp., 494 N.W.2d 224, 226-27 (Iowa 1992) (stating "whether expert testimony is required ultimately depends on whether it is a fact issue upon which the jury needs assistance to reach an intelligent or correct decision" and that "when the issues presented relate to matters which require only common knowledge and experience to understand them, the testimony of experts is not essential").

It appears that alternative designs for the combine insofar as the placement of the warning sign and other safety devices such as turn-off mechanisms are concerned are understandable to lay persons in Iowa and expert testimony is not required. These points involve the customer's relationship with the equipment, and thus are by their nature more readily understandable by non-experts than the inner workings of complicated machinery might be. Plaintiffs plan to introduce alternative designs through combines of Deere's competitors, such as Massey-Ferguson, Case, and New Holland. These alternative combines have different

sign placements, different safety devices and different turn-off switches, or ways to reset the rock trap door without leaving the cab. The Giles v. Miners, Inc. case requires that a jury be able to understand that the alternative design is "practical and feasible." By showing that the alternative designs are present in other manufacturers' combines which are currently on the market, plaintiffs could show that those alternative designs are practical and feasible; or at least it is possible that a jury could draw that conclusion. There appears to be sufficient admissible evidence to raise a dispute on the material fact as to whether the design of the combine was defective. Keep in mind, it is for the jury to weigh the evidence and decide this disputed question on the merits, not the court. Summary judgment on Counts I through III shall be denied.

As to Count VI, negligent infliction of emotional distress, the Iowa Supreme Court held in Moore v. Eckman, 762 N.W.2d 459 (Iowa 2009), that the plaintiff must actually have been present at and witnessed the serious accident in order to recover. Here, defendant argues that plaintiff Mark Hein's wife Debra Hein and adult son Nick Hein arrived after the accident occurred, and are thus excluded from recovery as a matter of law. Plaintiffs argue that the accident was ongoing when they arrived, with Mark Hein still underneath the combine. They state that they had to crawl under the combine to assist Mark Hein until the medical responders arrived, and that son Nick pulled his father out of the machine and applied a tourniquet to his father's arm. When the accident ceased for purposes of Moore under these circumstances is an unclear question of material fact, to be determined

at trial according to the evidence. See <u>Chester v. Mustang Mfg. Co. Inc.</u>, 998 F.Supp. 1039 (N.D.Iowa 1998.)

It is therefore

ORDERED

Denied.

September 16, 2013.

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT